ROBERT J. ALBERTSON and HARRIETT L. HOLLISTER, Respondents, v. THE NORTH RIVER INSURANCE COMPANY OF NEW YORK, Appellant.— The action is brought to recover on a policy of fire insurance. On July 13, 1936, defendant issued its policy for one year covering a house and barn. Thereafter the insured transferred the property to the plaintiff Albertson. A rider was attached to the policy showing such change. When the policy was issued there was attached thereto a standard mortgagee clause providing that loss or damage thereunder should be payable to the Tompkins County Trust Company as mortgagee. On May 5, 1937, the buildings insured were completely destroyed by fire. It is admitted that the amount of insurance is not excessive and that there was no fraud or criminality in connection with the fire. Proper proofs of loss were duly filed with defendant and payment demanded. After non-payment by defendant this action was brought. Defendant seeks to avoid liability under two provisions of the contract of insurance. One of these provisions is to the effect that the handling of gasoline by opening, filling or emptying any container shall be done only by daylight or electric light and that there shall be no other light in the same

room or in any adjoining room. The other provision is to the effect that the policy shall be void if any change takes place in the interest, title or possession of the subject of insurance. This policy also contains a stipulation avoiding liability by reason of the violation of either of the provisions referred to " so far as they are within control of the insured." At the time of the occurrence of the fire plaintiff Albertson employed a young man on the farm. On the day in question Albertson was obliged to leave his home early and he left instructions for his employee. On that day he was expecting a delivery of gasoline and he left written instructions for the driver as to the manner in which the tank was to be filled. The employee of Albertson came to the premises on the afternoon of the fire and performed the duties assigned him. After completing his work he lighted a lantern and started to go fishing. He passed in close proximity to the receptacles in which the gasoline was stored. He saw the note which the employer had left for the truck driver and mistakenly assumed that it was his duty to fill the tank. While doing so the explosion occurred which caused the fire and destroyed the buildings. Albertson had instructed his employee not to use this lantern in the barn which was adequately lighted by electricity. Some time after Albertson acquired title to the property the plaintiff Hollister purchased the mortgage held by the Tompkins County Trust Company. Hollister then advanced to Albertson additional money and took a second mortgage on the premises as security for the debt. Defendant had no notice of the execution and delivery of this mortgage. Defendant contends that the execution of such a mortgage constitutes a violation of its contract and that the policy is void. Judgment affirmed, with costs. Hill, P. J., Crapser and Heffernan, JJ., concur; Rhodes and McNamee, JJ., dissent, and vote to reverse, on the ground that there was a question of fact to be submitted to the jury.